# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EBIX, INC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | _____ |
| vs. | ) | |
| | ) | |
| DCM GROUP, INC., and PHANI KUMAR CHALUVADI, | ) | **Jury Trial Requested** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Ebix, Inc. ("Ebix"), by and through its undersigned counsel, complains of Defendants DCM Group, Inc. ("DCM") and Phani Kumar Chaluvadi ("Chaluvadi") (collectively, "Defendants") and alleges as follows:

## THE PARTIES

1. Ebix is a corporation formed under the laws of the State of Delaware, with its principal place of business in Johns Creek, Georgia.

2. Upon information and belief, DCM is a corporation organized and existing under the laws of the State of New Jersey, having its headquarters and principal place of business in New Jersey.

3. Upon information and belief, Chaluvadi is an individual residing in the State of New Jersey.

## JURISDICTION AND VENUE

4. This is a diversity action for declaratory relief. This Court has authority to enter a declaratory judgment through the remedy created under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Ebix, on the one hand, and DCM Group and Chaluvadi, on the other hand, and the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendants, and venue is proper in this district pursuant to 28 U.S.C. § 1391.

7. An immediate, real, and justiciable controversy exists between Ebix and Defendants as to whether the claims asserted by Defendants in federal court in the State of Ohio should be resolved in arbitration pursuant to the parties' agreement.

## FACTUAL ALLEGATIONS

8. On August 22, 2017, DCM and Chaluvadi filed a lawsuit against Ebix in the United States District Court for the Southern District of Ohio, which was assigned case number 2:17-cv-00740-MHW-KAJ (the "Ohio Action"). A copy of the Complaint in the Ohio Action is attached hereto as Exhibit A.

2

9. In the Ohio Action, Defendants allege that Ebix failed to pay any earn out in breach of Ebix's obligations under the Asset Purchase Agreement dated December 1, 2014, between Ebix and DCM (the "APA"). A copy of the APA is attached hereto as <u>Exhibit B</u>.

10. Pursuant to the APA, Ebix paid DCM $1,500,000 at the time of closing and, if certain conditions were met, would be obligated to pay an earn out of up to $5,000,000 (the "Earn Out"). *See* Exh. B, § 3.1.

11. Chaluvadi benefitted from the APA because it required Ebix to agree to a two-year minimum employment term for Chaluvadi and to "endeavor to arrive at a new employment agreement that compensates [Chaluvadi] suitably as a senior employee." *Id.* § 4.4.

12. Defendants allege that Ebix breached the APA "by, among other things: (a) terminating [Ebix's P&C Consulting Division]'s key sales people and key consultants with the intention of depressing P&C's sales; (b) interfering with DCM's right to receive the Earn Out; (c) violating the covenant of good faith and faith dealing by taking actions which depressed DCM's revenues; (d) directing P&C not to seek new sales in India, then arranging for Ebix to enter into contracts in India with customers and/or potential customers of DCM and/or i3[1] to perform software

---

[1] Defendants' Complaint in the Ohio Action also makes reference to the Business Transfer Agreement dated December 1, 2014, between Ebix India Software Private Limited and i3 Software Private Limited, but Defendants have not initiated a lawsuit against Ebix India Software

3

consulting services of the same type offered by DCM and/or i3; and (e) failing to include PB Systems' revenue in the Earn Out calculation." Exh. A, ¶ 33.

13. Defendants also maintain that Ebix breached Section 4.4 of the APA by "failing to enter into a new employment agreement with Chaluvadi in calendar year 2016 that 'compensates him suitably as a senior employee' and by terminating him one month before the expiration of the 'minimum employment term' ending January 1, 2017." *Id.* ¶ 34.

14. The APA, the agreement under which Defendants' claims against Ebix arise, contains an arbitration provision that states:

> **Governing Law.** This Agreement will be governed by and construed in accordance with the laws of the United States. The Parties **shall refer any disputes arising between them which relate to this Agreement or transactions contemplated hereby to arbitration** to be conducted in accordance with the Arbitration and Conciliation Act, 1996. The venue of arbitration shall be the courts of Atlanta, Georgia. The courts of Atlanta shall have jurisdiction over the Parties.

Exh. B, § 10.11 (emphasis added).

15. Prior to filing the Ohio Action, on July 12, 2017, counsel for Defendants sent Ebix a demand for arbitration based on the same claims Defendants now seek to litigate in the Ohio Action. A copy of the July 12, 2017 letter is attached hereto as <u>Exhibit C</u>.

---

Private Limited. In any event, the Business Transfer Agreement also contains an arbitration provision.

4

16. On August 11, 2017, counsel for Defendants sent another letter to Ebix, stating that if Ebix failed to respond within one week Defendants would assume that Ebix was not willing to proceed with arbitration to resolve the dispute. A copy of the August 11, 2017 letter is attached hereto as Exhibit D.

17. Ebix was in the process of retaining undersigned counsel when it received notice that Defendants had filed their complaint in the Ohio Action, a jurisdiction in which none of the parties reside or maintain their principal place of business.

18. Upon being retained, undersigned counsel contacted counsel for Defendants to request Defendants voluntarily dismiss the Ohio Action so that the parties could refer their dispute to arbitration. Counsel for Defendants refused to dismiss the Ohio Action.

19. On September 5, 2017, undersigned counsel confirmed Ebix's willingness to arbitrate and reiterated the request for Defendants to dismiss the Ohio Action in favor of arbitration. A copy of the September 5, 2017 letter is attached hereto as Exhibit E.

20. On September 8, 2017, counsel for Defendants advised that Defendants "may be willing to agree to arbitration on the following conditions: (1) Ebix waives the venue and jurisdiction provision in Section 10.11 of the Agreement; (2) Ebix submits to arbitration in Columbus, Ohio; (3) the parties reach agreement on the

5

procedure for the arbitration, including the rules applicable to the arbitration, the number of arbitrators, and the process for selecting such arbitrators; and (4) Ebix pays all arbitrator fees and costs." A copy of the September 8, 2017 letter is attached hereto as Exhibit F.

21. On September 20, 2017, Ebix reiterated its willingness to arbitrate the parties' dispute but maintained that the arbitration should be held in Atlanta, Georgia, the parties' chosen venue. A copy of Ebix's September 20, 2017 letter is attached hereto as Exhibit G.

22. Ebix has executed Defendants' request for waiver of service in the Ohio Action, such that Ebix's responsive pleading in the Ohio Action will be due on October 23, 2017.

### COUNT I
**(Declaration Of Valid And Enforceable Agreement To Arbitrate)**

23. Ebix repeats and incorporates the previous allegations herein as if repeated verbatim.

24. The APA is a valid and enforceable contract that contains an arbitration provision requiring the parties to submit disputes between them to arbitration to be held in Atlanta, Georgia.

25. Contrary to the parties' agreement and their previous demand for arbitration, Defendants have filed suit in federal court in Ohio and refuse to dismiss the Ohio Action in favor of arbitration.

26. Due to Defendants' institution of and refusal to dismiss the Ohio Action, Ebix is uncertain of its rights with respect to the validity of the arbitration agreement contained in the APA.

27. The parties have a real and existing actual and/or justifiable controversy regarding the existence of an agreement to arbitrate Defendants' claims.

28. Accordingly, Ebix is entitled to a declaratory judgment that the arbitration provision in the APA constitutes a valid and enforceable agreement to arbitrate.

## COUNT II
**(Declaration that Chaluvadi is Bound by the Arbitration Agreement)**

29. Ebix repeats and incorporates the previous allegations herein as if repeated verbatim.

30. Chaluvadi directly benefited from the APA and is therefore a third-party beneficiary of the APA.

31. Despite accepting the benefits of the APA, Chaluvadi now attempts to avoid the APA's arbitration requirement by pursuing his claims in federal court.

32. Accordingly, Ebix is entitled to a declaration that Chaluvadi, as a third-party beneficiary of the APA, is bound by the arbitration agreement contained therein.

## COUNT III
**(Declaration that Defendants' Claims Are Subject to Arbitration)**

7

33. Ebix repeats and incorporates the previous allegations herein as if repeated verbatim.

34. The claims asserted by Defendants in the Ohio Action all arise from Defendants' contention that Ebix has not paid the Earn Out contemplated under the APA or otherwise breached the APA by failing to enter into a new employment agreement with Chaluvadi.

35. The APA contains a broad arbitration provision that requires the parties to "refer any disputes arising between them which relate to this Agreement or transactions contemplated hereby to arbitration[.]"

36. As Defendants' entitlement to and Ebix's obligation to pay the Earn Out relates to the APA or the transactions contemplated by the APA, the arbitration provision in the APA covers Defendants' claims asserted in the Ohio Action.

37. Despite being subject to arbitration, Defendants have brought their claims in federal court in Ohio and refuse to dismiss them in favor of arbitration.

38. Accordingly, Ebix is entitled to a declaration that Defendants' claims in the Ohio Action are subject to the APA's mandatory arbitration provision.

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Ebix requests a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ebix prays for the following relief:

A. A judgment declaring that the arbitration provision contained in the APA constitutes a valid and enforceable agreement to arbitrate;

B. A judgment declaring that Chaluvadi, as a third-party beneficiary of the APA, is bound by the APA's arbitration agreement;

C. A judgment declaring that Defendants' claims in the Ohio Action are subject to arbitration to be held in Atlanta, Georgia.

D. Granting Ebix such other further relief as this Court deems just and proper.

This 20th day of September, 2017.

                                          s/ Jennifer G. Case
                                        S. Wade Malone
                                        Georgia Bar No. 468015
                                        Jennifer G. Case
                                        Georgia Bar No. 492533
                                        *Counsel for Plaintiff Ebix, Inc.*

NELSON MULLINS RILEY &
SCARBOROUGH LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
Wade.Malone@nelsonmullins.com
Jenny.Case@nelsonmullins.com